UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES PUCKETT,

VERSUS

EUGENIE POWERS ET AL

CIVIL ACTION

NO. 12-343-BAJ-SCR

**RULING AND ORDER**

This civil rights action is before the Court on a Motion to Dismiss for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process by Defendants Eugenie C. Powers, Phyllis Sheridan, and Craig Berteau (doc. 6). Each Defendant is sued only in his or her official capacity – Powers and Sheridan as directors, and Berteau as a parole officer – with the Louisiana Board of Pardons and Paroles. The motion is opposed (doc. 8). For the following reasons, Defendants' motion is granted in part. The pendent state law claims are dismissed without prejudice on the Court's own motion.

**BACKGROUND**

In 1992, Plaintiff Charles Puckett plead guilty to two counts of forcible rape (La. R.S.15:541) in the 24th Judicial District Court, Parish of St. Helena, State of Louisiana (doc. 1). On September 4, 1992, Plaintiff was sentenced to 20 years in prison. On September 11, 2001, Plaintiff was released on parole after serving 10

years of the 20 year sentence.  Upon release, Plaintiff signed a parole agreement that obligated him to register and to give notice as a sex offender for 10 years. *Id.*

In 2008, Louisiana law was amended to require certain sex offenders to register and to give notice[1] for life.[2]  As a result of this amendment, Plaintiff alleges that he was asked by his parole officer to sign an amended parole agreement in 2008 that would obligate him to register and to give notice as a sex offender for life. Plaintiff refused to sign the amended parole agreement.  On September 8, 2011, while on parole, Plaintiff filed suit against two directors and a parole officer with the Louisiana Board of Pardons and Paroles, solely in their official capacities, asserting claims under 42 U.S.C. §§1983 and 1988 (11-613;

---

[1] Under La R.S.15: 542.1 *Notification to Those With a Duty to Register.*
Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or conspiracy to commit, a sex offense as defined in R.S. 15:541 or a criminal offense against a minor as defined in R.S. 15:541 shall be required to provide the following notifications:

Give notice of the crime for which he was convicted, his name, residential address, a description of his physical characteristics as provided in R.S. 15:542(C)(1), and a photograph or copy thereof to all of the following:

At least one person in every residence or business within a one-mile radius in a rural area and a three-tenths of a mile radius in an urban or suburban area of the address of the residence where the offender will reside upon release, including all adults residing in the residence of the offender...

The superintendent of the school district where the defendant will reside, who shall notify the principal of every school located within a one-mile radius of the address where the offender will reside and may notify the principals of other schools as he deems appropriate.

[2] La. R.S. 15: 544 *Duration of registration and notification period* was amended by Act 460 of 2007 to require anyone convicted of an aggravated sexual offense (including forcible rape) to register and give notice for a lifetime.  Act 460 also enacted La. R.S. 15:542.1.4, which criminalizes the failure to register and notify as a sex offender or child predator. Act 460 became effective on January 1, 2008. The Louisiana Supreme Court has repeatedly held that the sex offender registration provisions are remedial rather than punitive, and their application to those convicted before their enactment does not violate *ex post facto* principles. *See Smith v. State of La.,* 2012 WL 206429 (La. 2012); *State ex rel Olivieri*, 779 So.2d 735 (La. 2001).

2

doc. 1). This Court dismissed those claims without prejudice for insufficient service of process (11-613; doc. 25).

In the present suit, Plaintiff re-alleges each of the claims of his previous suit. First, Plaintiff alleges that Defendants violated his Fourteenth Amendment Due Process rights by changing his parole agreement to require him to register as a sex offender for life, as opposed to the 10 years in his original parole agreement, without giving him notice or an opportunity to be heard, and by attempting to force him to sign the amended agreement (doc. 1).

Second, Plaintiff further alleges that by forcing him to choose either to sign the amended parole agreement requiring lifetime registration or to have his parole revoked, Defendants violated his Eighth Amendment right to be free of cruel and usual punishment. *Id*. Plaintiff therefore seeks to have the 2008 modified parole contract declared unconstitutional in violation of the Due Process Clause of the Fourteenth Amendment and in violation of the Eighth Amendment.

Finally, Plaintiff seeks to have a permanent injunction issued prohibiting Defendants from engaging in acts that interfere with or deny Plaintiff's liberty interests. Plaintiff also seeks any award or other relief to which "he may show himself entitled to." *Id*.

Defendants move to dismiss Plaintiff's complaint on several grounds pursuant to Fed. R. Civ. P. 12(b). Specifically, Defendants seek dismissal for lack of subject matter jurisdiction based on Eleventh Amendment immunity (Fed. R. Civ. P. 12(b)(1)); for failure to state a claim because there is no cause of

action for claims for supervisory liability under §1983; for failure to allege facts to support claims for individual liability (Fed. R. Civ. P. 12(b)(6)); and for insufficient process and failure to properly serve (Fed. R. Civ. P. 12(b)(5)) (doc. 6).

## ANALYSIS

I.  **Motion to Dismiss pursuant to 12(b)(4) and 12(b)(5) for Improper Service**

As noted in this Court's previous ruling, this matter cannot proceed, regardless of merit or lack thereof, without proper service.  Under Rule 12(b)(4), process (summons and complaint) may be insufficient if the forms are technically deficient.  Further, under Rule 12(b)(5), service of process may be insufficient if the mode of delivery is invalid.  Additionally, when service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity.  *Jason v. Nugent*, 2005 WL 53301 (E.D. La. 1/7/05) (Vance, J.) citing *Aetna Bus. Credit, Inc. v. Universal Décor and Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

Moreover, Rule 4 sets forth the procedure for notifying defendants that a federal lawsuit has been filed against them.  Fed. R. Civ. P. 4.  Simply demonstrating that the defendants have received actual notice of the lawsuit is not enough and Rule 4's formal requirements for proper service must also be satisfied.  *Way v. Mueller Brass Co.*, 840 F. 2d 303, 306 (5th Cir. 1988).

Here, Plaintiff is unable to show that he has corrected the prior deficiencies in his service of process which caused this matter to be previously dismissed.  In

4

the previous matter, Plaintiff requested summonses issue for all three Defendants at 2751 Wooddale Boulevard, Suite 400, Baton Rouge, Louisiana, 70805, which is the address for the Pardon and Parole Office for the Baton Rouge District (11-613; docs. 6, 7, 8). Over three months passed with no information in the record indicating that service had been perfected; therefore, Defendants filed a Motion to Dismiss for insufficient service based on Plaintiff's failure to request waiver of service and failure to serve Defendants in accordance with La. R.S. 13:5107(A)4 (11-613; doc. 12). Plaintiff responded to the motion to dismiss by stating that he would "correct any service of process mistakes," (11-613; doc. 12). However, Plaintiff was never able to demonstrate valid service and the case was subsequently dismissed without prejudice for lack of proper service.

Similarly, in the case at bar, Plaintiff was given ample time and opportunity to correct his service errors. Plaintiff has attempted to serve process on the Louisiana Attorney General, who is not a party to this action, and not the agent for service of process for the individual Defendants. Plaintiff's first defense is that he has requested waiver of summons. Defendants assert, and the Court agrees, that Plaintiff has failed to meet each formal requirement for the waiver of service procedure. Fed. R. Civ. P. 4(d). Plaintiff further asks that the Court allow time for proper service. The Court notes that more than 263 days have elapsed since this matter was filed, and Defendants remain unserved. Because the mode of

delivery of the Summons and Complaint is invalid, the case against Defendants must be dismissed for improper and insufficient service of process.

II.     **Motion to Dismiss pursuant to 12(b)(6) for Failure to State a Claim**

Alternatively, the Court finds that the complaint should be dismissed on the merits for failure to state a claim. Even accepting as true all of the factual allegations in the complaint, it is nonetheless devoid of any of the basic requirements of pleading under Fed. R. Civ. P. 12(b)(6), *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Plaintiff's conclusory statements fail to state a plausible claim for relief. See *Iqbal,* 129 S. Ct. at 1950.

A.      **Plaintiff's 42 U.S.C. § 1983 Claim**

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal court by her own citizens as well as citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 1355 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. See *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S. Ct. 2666, 49 L.Ed. 2d 614 (1976); *Quern v. Jordan,* 440 U.S. 332, 99 S. Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* supra. This shield of immunity extends to the Board of Pardons and Parole as an agency of the state. See *Bell v. Dept. of Parole and Probation,*

6

2008 WL 577549 (M.D. La. 2008), citing *Anderson v. Phelps*, 655 F. Supp. 560 (M.D.La.1985).

However, a state official, sued in his or her official capacity for injunctive relief, is a person under section 1983 because "official-capacity actions for prospective relief are not treated as actions against the state." *Kentucky v. Graham*, 473 U.S., at 167, n. 124, 105 S. Ct., at 3106, n. 14, 87 L. Ed. 2d 114 (1985); *Ex parte Young*, 209 U.S. 123, 1590160, 28 S. Ct. 441, 453-456, L.Ed. 714 (1908).

Here, as noted in this Court's order adopting Magistrate Judge Docia L. Dalby's Report and Recommendations in Plaintiff's previous case, Plaintiff faces a number of hurdles in his section 1983 claim which are insurmountable even if Plaintiff were able to perfect service on Defendants (11-613; doc. 6). The Court reaches this conclusion for several reasons.

First, Defendants assert, and the Court agrees, that any claims for monetary relief against Defendants in their official capacities with the Louisiana Board of Pardons and Paroles constitute claims against the "State" and, therefore, would be barred by the Eleventh Amendment. Thus, to the extent that Plaintiff's request for "other relief to which he may show himself entitled" is for monetary damages, those claims must be dismissed even if service were proper.

Second, Plaintiff's claims under section 1983 against Defendants in their official capacities for declaratory and injunctive relief, which theoretically would not be barred under the Eleventh Amendment, may subsequently be denied as

7

moot. Plaintiff avers that under the parole agreement he signed on September 18, 2001, in exchange for early release, he agreed to give notice and register as a sex offender for ten (10) years. The end date for that parole agreement was December 11, 2011. Plaintiff states that, although he was offered an amended parole agreement on February 21, 2008, he never signed it (doc. 1 ¶ 5). As noted in this Court's prior ruling, without facts alleging that Defendants revoked Plaintiff's parole, fined him, or any other such consequences for violation of parole, his claims for declaratory relief and injunctive relief are moot. Plaintiff's original term of parole has expired without signing an amended parole agreement requiring lifetime registration, and Plaintiff fails to state a plausible claim for relief.

Further, if Plaintiff's parole was revoked, whether because he failed to register in violation of the terms and conditions of the original parole agreement, or in violation of the 2008 amended agreement imposing lifetime registration, or in violation of La. R.S 15:542.1.4 (imposing a separate crime for failure to register), Plaintiff would face a ripeness issue. Plaintiff would have to show why he would not be required to challenge the validity of the revocation or new charge at the state court level before the challenge would be ripe for a habeas action in this Court. See 28 U.S.C. § 2254(b); see also Almendarez v. Huddleston, 434 Fed. Appx. 387 (5th Cir. 2011), citing Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L.Ed. 2d 383 (1994).

**B.      Plaintiff's Eighth Amendment and Fourteenth Amendment Claims**

Similarly, Plaintiffs constitutional claims must also be dismissed. Plaintiff's allegations that Defendants violated his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to liberty and due process are merely conclusory. As with Plaintiff's section 1983 claim, Plaintiff fails to allege facts to show: (1) he signed the amended 2008 parole agreement; or (2) that parole was revoked, whether because he failed to register in violation of the terms and conditions of the original parole agreement, or in violation of the 2008 amended agreement imposing lifetime registration. Because Plaintiff fails to state a plausible claim for relief under the Eighth and Fourteenth Amendment, those claims must be dismissed.

### C. Court's Findings as to Federal Claims

Thus, although Plaintiff's claims must be dismissed for improper and insufficient service of process, the Court further finds that Plaintiff's section 1983 claim and his constitutional law claims, even accepting as true all of the factual allegations in the Complaint, are nonetheless devoid of the basic requirements of pleading under Federal Rule of Civil Procedure 12(b)(6). Accordingly, those claims must be dismissed.

### III. Plaintiff's Pendent State Law Claims

Although Plaintiff alleges constitutional violations and claims under section 1983, Plaintiff did not proceed exclusively under Federal law. The Federal claims are now dismissed. Plaintiff has remaining claims under state law. The Fifth Circuit has held that, under these circumstances, the decision to entertain or

dismiss the pendent state law claims is within the district court's discretion. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989). Further, when all federal claims are dismissed or otherwise eliminated from a case prior to trial, the general rule is to decline to exercise jurisdiction over the pendent state law claims. *Id.*

Here, the factors of judicial economy, convenience, fairness, and comity suggest that this court ought to decline jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). All claims not arising under the Constitution or section 1983 are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 6) is hereby **GRANTED in part**. The Motion is **GRANTED** as to Plaintiff's claims against Defendants under the Constitution of the United States and 42 U.S.C. § 1983 and those claims are dismissed with prejudice. This Court declines jurisdiction over any pendent state law claims, and those claims are dismissed without prejudice.

Baton Rouge, Louisiana, February 27, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA